UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:  MCCARTHY CONTRACTING, LLC, | Case No. 25-30001-KLP |
| Debtor. | Chapter 7 |

| | |
|---|---|
| PETER J. BARRETT, Trustee, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 25-03029-KLP |
| UP ASHBURN, LLC, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

On January 2, 2025, McCarthy Contracting, LLC (the "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Peter J. Barrett (the "Trustee" or "Plaintiff") was appointed to administer the Debtor's bankruptcy case and continues to serve in that capacity. On July 29, 2025, the Trustee, solely in his capacity as the Chapter 7 Trustee for the Debtor's bankruptcy estate, filed his one-count *Complaint* [ECF No. 1] against Up Ashburn, LLC (the "Defendant"), seeking turnover of property of the estate pursuant to section 542 of the Bankruptcy Code. More specifically, the Complaint alleges that the Defendant engaged the Debtor for the purpose of providing general construction servicing in connection with the build out of the Defendant's indoor adventure park in Ashburn, Virginia. Compl. ¶¶ 8, 9, ECF No. 1 at 2. To memorialize this engagement, the Defendant entered into a construction contract with the Debtor dated May 15, 2023, (the "Contract"). *Id.* ¶ 10, ECF No. 1 at 3. A copy of the Contract was attached to the Complaint as Exhibit A and incorporated by reference.

The Trustee further alleged that the Debtor performed in accordance with the Contract in 2023 and 2024. *Id.* ¶ 11, ECF No. 1 at 3. Notwithstanding the Debtor's performance, the Trustee alleges that the Defendant unilaterally cancelled the Contract on or about February 1, 2024, and failed to comply with the terms of the Contract by failing to remit to the Debtor $48,000.11. *Id.* ¶¶ 12-13, ECF No. 1 at 3.

This matter now comes before the Court upon the motion to dismiss [ECF No. 6] (the "Motion") filed by the Defendant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Civil Procedure Rules"), as made applicable to the above-captioned adversary proceeding (this "Adversary Proceeding") by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). On October 29, 2025, the Court conducted a hearing on the Motion, at which hearing the Defendant and the Trustee each appeared by counsel. At the conclusion of the hearing, the Court took the Motion under advisement.

A motion to dismiss brought pursuant to Civil Procedure Rule 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In adjudicating a Civil Procedure Rule 12(b)(6) motion to dismiss, the court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted). However, the court need not assume the truth of "a legal conclusion couched as a factual allegation," any "'unwarranted inferences, unreasonable conclusions, or arguments," or any "naked assertions devoid of further factual enhancement." *SD3, LLC v. Black & Decker (U.S.)*

*Inc.*, 801 F.3d 412, 422 (4th Cir. 2015) (first quoting *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); and then quoting *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014)), *as amended on reh'g in part* (Oct. 29, 2015); *see also Deutsche Bank Tr. Co. Ams. v. In re Gemstone Sols. Grp., Inc.* (*In re Gemstone Sols. Grp., Inc.*), Adv. Pro. No. 19-03071-KLP, 2020 WL 2758817, at *3, 2020 Bankr. LEXIS 1377, at *8 (Bankr. E.D. Va. May 26, 2020) (quoting *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017)), *aff'd*, Case No. 3:20-cv-419-MHL, 2021 WL 3618229, 2021 U.S. Dist. LEXIS 154439 (E.D. Va. Aug. 16, 2021).

Section 542 of the Bankruptcy Code requires "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order" to "pay such debt to, or on the order of, the trustee." 11 U.S.C. § 542(b). The question presented in the Motion is whether the Complaint sufficiently alleges that the amount in controversy is a debt that is "matured, payable on demand, or payable on order" to permit the Trustee to pursue a turnover action.[1] For the reasons stated herein, the Court determines that it is not.

"A cause of action is a turnover proceeding under § 542(b) of the Bankruptcy Code where it seeks the collection rather than creation or liquidation of a matured debt." *Shaia v. Taylor* (*In re Connelly*), 476 B.R. 223, 230 (Bankr. E.D. Va. 2012) (permitting turnover where the trustee sought to recover unpaid balance under a promissory note after the defendant's default). "These may be, for example, debts owed for accounts receivable, for judgments already obtained or for monies previously held in trust or in escrow." *In re Nat'l Enters., Inc.*, 128 B.R. 956 (E.D. Va. 1991)

---

[1] At its core and while not conceding liability, the Motion argues that the relief sought by the Trustee should be presented in a breach of contract complaint – not a turnover action. Given the relatively limited amount in controversy and the prospect of future litigation before this Court or some other tribunal for breach of contract, the Court suggests that settlement may be appropriate.

3

(collecting cases). A defendant's dispute about the existence of the debt does not preclude a turnover action so long as the complaint states the existence of a mature debt. *Id.*

Turnover is not appropriate "to liquidate a disputed contractual or quasi-contractual claim." *Smith v. McLeskey (In re Bay Vista of Va., Inc.)*, Adv. Pro. No. 08-7046-SCS, 2009 WL 903254, at *10-11, 2009 Bankr. LEXIS 916, at *32-34 (Bankr. E.D. Va. Feb. 2, 2009) (collecting cases), *R. & R. adopted by*, Civil Action No. 2:09-cv-46-MSD, 2009 WL 2900040, 2009 U.S. Dist. LEXIS 87154 (E.D. Va. June 2, 2009). As this Court previously recognized in the *Toy "R" Us* bankruptcy case,

> Of course, the turnover power can be improperly invoked, especially when it is used as a Trojan Horse for bringing garden variety contract claims; when the property in question is not already property of the estate; or when the turnover statute is used to recover assets with disputed title when the estate's claim of ownership is legitimately debatable. It is well established that the turnover power may not be used for such purposes.

*Wayne Servs. Legacy v. Donlen Tr. (In re Toys "R" Us, Inc.)*, 615 B.R. 96, 104 (Bankr. E.D. Va. 2020) (quoting *Geron v. Peebler (In re Pali Holdings, Inc.)*, 488 B.R. 841, 851 n.39 (Bankr. S.D.N.Y. 2013)).[2]

Assuming the factual allegations in the Complaint to be true, *E. Shore Mkts., Inc.*, 213 F.3d at 180, the Debtor and the Defendant entered into the Contract, whereby the Debtor agreed to provide construction services to the Defendant. Compl. Ex. A, ECF No. 1 at 12-29. The Complaint also sufficiently alleges that the Debtor performed in accordance with the Contract and that the

---

[2] Ultimately, in *Toys "R" Us*, this Court declined to dismiss the turnover count of the complaint. *Toys "R" Us* is factually distinguishable from the case at bar. In *Toys "R" Us*, the parties had continued to perform after the bankruptcy filing in accordance with the terms of a pre-petition lease agreement. Under the lease agreement, when the debtor returned leased vehicles to the defendant, the debtor was entitled to a certain portion of the sale proceeds. The defendant had filed a proof of claim for what it alleged was owed under the lease and had advised the debtor that it would prepare a formal reconciliation after the last leased vehicle was sold. Despite this representation, when the last vehicle was sold after confirmation of the plan, the defendant refused to provide either an accounting or return the proceeds. Even in the absence of a quantified amount, the Court found that the Complaint had sufficiently alleged an identifiable res, i.e., the amount due under the lease agreement.

Defendant unilaterally terminated the Contract without counter performance. *Id.* ¶¶ 12-13, ECF No. 1 at 3. However, the Complaint fails to identify how the Defendant's failure to perform the Contract caused the Defendant to owe the Debtor $48,000.11 when the total contract sum was $833,393.00. Compl. Ex A ¶ 2, ECF No. 1 at 6. The Contract called for the Defendant to make an initial deposit, then progress payments (less a retainage), then a final true-up payment. *Id.* ¶ 3, ECF No. 1 at 6. However, the Complaint does not allege nor does it include as exhibits any information regarding the initial deposit, progress payments, or a method of accounting for the amount claimed. Put otherwise, there is nothing in the Complaint to explain why or how the Defendant owes to the Debtor the exact figure of $48,000.11.[3] *See Smith v. McLeskey* (*In re Bay Vista of Va., Inc.*), 394 B.R. 820, 838-39 (Bankr. E.D. Va. 2008) (declining to find that a debt was matured for purposes of section 542 where "there [was] no specific res of money that is the property of the debtor . . . available for distribution to the debtor's estate subject to the adjudication of competing creditor claims to this *res*."); *see also In re Toys "R" Us, Inc.*, 615 B.R. at 104 (although res was not quantified due to defendant's refusal to provide accounting, the complaint sufficiently explained how the res would be calculated). Instead, the Complaint alleges that the debt is mature solely because the Debtor's books and records indicate that the amount claimed is outstanding, Compl. ¶ 13, ECF No. 1 at 3, and the Defendant refused to respond to or pay upon

---

[3] The Complaint, on its face, alleges facts that are inconsistent with the terms of the Contract. The Complaint alleges that the Debtor performed the construction services for the Defendant in 2023 and 2024 "pursuant to the terms of the Contract," Compl. ¶ 11, ECF No. 1 at 3; however, the Contract provides for a starting date of June 5, 2023, a "project duration [of] 12 weeks, including punch, with an additional 2 weeks of pre-construction" and estimates a completion date of August 25, 2023, Compl. Ex A ¶ 5, ECF No. 1 at 6-7. The Complaint fails to describe why the Debtor was still performing services in 2024. The Complaint also alleges that "the Defendant unilaterally cancelled its Contract with the Debtor on or about February 1, 2024 and failed to comply with the terms of the Contract." Compl. ¶ 12, ECF No. 1 at 3. Again, there is nothing in the Complaint to explain why terminating a contract that was to be completed five months earlier amounts to a failure to comply with its terms. Since neither of these allegations are consistent with the express terms of the Contract and, in fact, suggest that the Debtor itself may not have complied with its terms, the Court concludes that the Complaint fails to adequately establish the existence of a matured debt.

demand by the Trustee, *id.* ¶ 14, ECF No. 1 at 3.  In the Court's view, more is required of the Trustee to adequately plead that the debt is matured, due, and owing.

The Complaint in its current version fails to state a cause of action under section 542(b) of the Bankruptcy Code to turnover a matured debt.  While the Trustee may be able to amend his Complaint to allege sufficient facts that would support a finding that the Defendant owes to the Debtor a matured debt in the amount of $48,000.11 that is properly subject to turnover, such facts are not alleged here  Therefore it is

**ORDERED** that the Motion to Dismiss is **GRANTED WITHOUT PREJUDICE**.  The Trustee may file an amended complaint within twenty-one (21) days of the entry of this Memorandum Opinion and Order.

Dated:    November 13, 2025

/s/ Keith L. Phillips
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Nov 13 2025

**Copies to:**

**Peter J. Barrett, Trustee**
Kutak Rock LLP
1021 E Cary Street, Ste. 810
Richmond, VA 23219

**Haley Kristen Magel**
Kutak Rock LLP
1021 E. Cary Street, Suite 810
Richmond, VA 23219

**Up Ashburn, LLC**
c/o Chris Dobson, Registered Agent
20130 Lakeview Center Plz, Ste 400
Ashburn, VA 20147-5905

**Jeffrey Rhodes**
Tayman Lane Chaverri LLP
2001 L Street NW, Suite 500
Washington, DC 20036